UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REZA RAJABI,

       Plaintiff,                           Case No. 24-cv-10523

v.                                                HON. MARK A. GOLDSMITH

UNITED STATES POSTAL SERVICE

       Defendant.
_____/

**OPINION & ORDER
(1) ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Dkt. 15), (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 16), AND (3)
GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. 9)**

The matter before the Court is the Report and Recommendation (R&R) of Magistrate Judge Anthony P. Patti, issued on November 29, 2024 (Dkt. 15). In the R&R, the magistrate judge recommends that Defendant United States Post Office's (USPS) motion to dismiss (Dkt. 9) be granted. Plaintiff Reza Rajabi filed untimely objections to the R&R (Dkt. 16) and the USPS filed a response to Rajabi's objections (Dkt. 17). For the reasons that follow, the Court: (i) accepts the recommendation in the R&R, (ii) overrules Rajabi's objections, (iii) grants the USPS's motion to dismiss, and (iv) dismisses Rajabi's complaint with prejudice.

## I. BACKGROUND

Rajabi initially filed this case in state court and the USPS removed it to this Court. See Notice of Removal (Dkt. 1). In a rather brief complaint, Rajabi alleges that (i) the post office was deficient in handling his passport application, resulting in a delayed issuance of his passport; and (ii) on a separate occasion, a post office clerk interfered with two pieces of mail he was trying to

1

send in retaliation for complaining about the lack of hand sanitizer at the post office. R&R at 1–2 (citing Notice of Removal at PageID.12). Rajabi asks for $50,000 in damages. Id.

The USPS filed a motion to dismiss. See Mot. The magistrate judge recommends granting the motion on multiple grounds, including (i) improper service, (ii) failure to state a claim upon which relief can be granted due to sovereign immunity, and (iii) failure to exhaust administrative remedies. R&R at 1. For the reasons that follow, the Court accepts the R&R and grants the USPS's motion to dismiss.

## II. ANALYSIS

As an initial matter, Rajabi's objections were untimely. Parties may serve and file objections to a magistrate judge's R&R within 14 days of service. Fed. R. Civ. P. 72(b)(2); R&R at 14–15 (advising the parties that they have fourteen days from the date of service to file objections pursuant to Fed. R. Civ. P. 72(b)(2)). When a party must act within a specific period of time after being served and service is made by mail, three days are added after the period would otherwise expire. Fed. R. Civ. P. 6(d). The certificate of service on the docket shows that service of the R&R was mailed on December 2, 2024, giving parties seventeen days, or until December 19, 2024, to file objections. As Rajabi's objections were filed on December 26, 2024, they are untimely.

Nonetheless, the Court has considered Rajabi's objections and finds them to be without merit. Rajabi did not follow the R&R's instructions to label each objection as "Objection No. 1," "Objection No. 2," etc., and to recite precisely the provision of the R&R to which each objection pertains. See R&R at. 15–16. Instead, Rajabi's objection discusses various topics unrelated to the R&R, and only briefly mentions two specific portions of the R&R.

2

Rajabi begins by re-summarizing the incident with his passport application and explains why he thinks $50,000 in damages is a fair amount. Obj. at PageID.88. This summary of the initial complaint does not constitute an objection to the R&R. Rajabi then argues that he properly moved for the entry of a default judgment earlier in the case. Id. at PageID.89. The motion for a default judgment to which Rajabi refers was denied by the magistrate judge in a stand-alone order more than two months before the R&R was issued—it is not presently before the Court. See Mot. to Enter Default Judgment (Dkt. 11); 9/9/2024 Order. In addition, Rajabi discusses an incident that occurred while he was waiting for a hearing at a different court, which he alleges amounted to discriminatory treatment. Obj. at PageID.89. That alleged incident is not related to Rajabi's present case. And finally, Rajabi includes what he refers to as an "editorial," in which he describes what he believes is the purpose of the Department of Justice. Id. at PageID.90. This discussion is also not related to Rajabi's present case.

The only potential objections to the R&R that Rajabi makes are in relation to (i) a footnote in the R&R discussing references Rajabi made to certified mail he sent Judge Robert H. Cleland, and (ii) a citation in the R&R to a particular case, Dolan v. U.S. Postal Serv., 546 U.S. 481, 490 (2006). See Obj. at PageID.89. With respect to the footnote, Rajabi explains that he referenced sending Judge Cleland mail in order to provide an example of mail that he tried sending but was never delivered. Id. This explanation does not contradict any of the reasoning in the R&R. As for Dolan, Rajabi does not explain why he believes the magistrate judge's reliance on the case was in error. Id. Instead, he re-describes the letters he tried sending that were allegedly interfered with by the post office. Id. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

For these reasons, the Court overrules Rajabi's objections.

### III. CONCLUSION

For the reasons stated above, the Court: (i) accepts the recommendation in the R&R, (ii) overrules Rajabi's objections, (iii) grants the USPS's motion to dismiss, and (iv) dismisses Rajabi's complaint with prejudice.

SO ORDERED.

Dated: January 23, 2025                   s/Mark A. Goldsmith
Detroit, Michigan                      MARK A. GOLDSMITH
                                         United States District Judge